# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-cr-00013-RCJ-WGC |
| vs. ) | |
| ) | |
| CHRISTOPHER ALEXANDER WILKES, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

A grand jury indicted Defendant Christopher Wilkes of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (*See* Superseding Indictment, ECF No. 16). Defendant pled guilty, and on March 18, 2013 the Court sentenced him to a 71-month term of imprisonment, to be followed by a three-year term of supervised release. (*See* J. 1–3, ECF No. 38). Defendant has asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Specifically, Defendant argues his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015) because an unconstitutionally vague definition of "crime of violence" was used to calculate it. Specifically, Defendant's base offense level was calculated as 20 under U.S.S.G. § 2K2.1(a)(4)(A) because he had previously been convicted of a "crime of violence" as defined by § 4B1.2(a), whereas the base offense level would presumably have been at greatest 14 under U.S.S.G. § 2K2.1(a)(6) (because Defendant was already prohibited from possessing firearms at the time of the instant offense) if § 4B1.2(a) did not apply.

Defendant filed the present motion on June 16, 2016, which is within one year of June 26,

2015, the date on which the Supreme Court announced the rule of *Johnson v. United States*, 135 S. Ct. 2551 (2015) upon which Defendant relies. The Supreme Court has made *Johnson* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3). The motion is therefore statutorily timely, although the argument upon which it is based may have been procedurally defaulted. As to the merits, *Johnson* invalidated the residual clause of § 924(e)(2)(B)(ii) defining "violent felony," not the residual clause of § 4B1.2(a)(2) defining "crime of violence," but the relevant language of the respective clauses appears to be identical. *Compare* § 924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious potential risk of physical injury to another"), *with* § 4B1.2(a)(2) (same). The Court will not address the issues of procedural default or whether the underlying crime qualifies as a crime of violence under some other clause of § 4B1.2 without additional briefing.

## CONCLUSION

IT IS HEREBY ORDERED that the Government shall file a response within twenty-one (21) days, and Defendant may optionally file a reply within fourteen (14) days of being served with the response.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge