**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-cr-00013-RCJ-WGC |
| vs. ) | |
| ) | |
| CHRISTOPHER ALEXANDER WILKES, ) | **ORDER** |
| ) | |
| Defendant. ) | |

A grand jury indicted Defendant Christopher Wilkes of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Defendant pled guilty, and on March 18, 2013 the Court sentenced him to a 71-month term of imprisonment, to be followed by a three-year term of supervised release. Defendant has asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that because the residual clause of 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague, *see Johnson v. United States*, 135 S. Ct. 2551 (2015), so is the residual clause of U.S.S.G. § 4B1.2(a)(2). The Court ordered the Government to respond.

The Government has now asked the Court to stay briefing on the motion until the Supreme Court issues its decision in *Beckles v. United States*, No. 15-8544. In that case, the Supreme Court will determine:

    1. Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)?

    2. Whether *Johnson*'s constitutional holding applies to the residual clause in

      U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?

      3. Whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*?

The way the Supreme Court answers the questions may govern the outcome of the present motion. Specifically, unless the Supreme Court answers both questions 1 and 2 "yes," the present § 2255 motions will fail without further analysis. The Government argues that because the Supreme Court will answer the questions no later than June 2017, and because Defendant has been released and seeks only to advance his supervised release termination date to June 2018, a stay cannot prejudice him. The Court agrees. The reasons counseling against stays of habeas corpus proceedings argued by Defendant in response are not persuasive under the present circumstances. In some cases, a stay of habeas corpus proceedings may have the effect of prolonging a Defendant's unconstitutional detention. In such cases, the interest against unlawful detention can outweigh the interest of judicial efficiency. Here, by contrast, not only is the liberty interest at stake lesser (supervision as opposed to detention), the stay simply will not prejudice Defendant even as to the length of his supervision.

///
///
///
///
///
///
///
///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay Briefing (ECF No. 44) is GRANTED.

IT IS FURTHER ORDERED that the Government shall file a response to the § 2255 motions (ECF Nos. 41, 42) within twenty-one (21) days of the Supreme Court's issuance of a decision in *Beckles v. United States*, No. 15-8544, and Defendant may optionally file a reply within fourteen (14) days of being served with the response.

IT IS SO ORDERED.

DATED: This 17th day of February, 2017.

_____
ROBERT C. JONES
United States District Judge